

**U.S. Department of Justice**
Federal Bureau of Prisons

**Designation and Sentence Computation Center**

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

May 13, 2009

The Honorable Thomas M. Hardiman
Judge of the U.S. District Court
  for the Western District of Pennsylvania
3110 U.S. Post Office and Courthouse
700 Grant Street
Pittsburgh, PA 15219-1906

**Re: HOLYFIELD, Cedano**
   Reg. No. 08295-068
   Docket No. 2:04CR35

Dear Judge Hardiman:

On January 6, 2006, Cedano Holyfield was sentenced by the Court to a 180-month aggregate term of incarceration for Possession of a Firearm by a Convicted Felon, Possession with Intent to Distribute 50 Grams or More of Cocaine, Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of Said Firearm in Furtherance of Said Crime. At the time the federal sentence was imposed, Mr. Holyfield was under the primary jurisdiction of Pennsylvania authorities and in federal custody pursuant to a Writ. The respective judgment was silent regarding any relationship with the forthcoming action in the Commonwealth of Pennsylvania. Following sentencing, Mr. Holyfield was appropriately returned to Pennsylvania authorities. The U.S. District Court judgment was filed as a detainer with Pennsylvania authorities.

On January 9, 2006, Mr. Holyfield was sentenced in Allegheny County Court of Common Pleas, Commonwealth of Pennsylvania, to a 1 year, 4 month term to 2 year, 8 month term of incarceration for Firearms not to be Carried without a License, Possession of a Firearm with an Altered Manufacturer's Number. At the time of sentencing, the Court ordered the term to run concurrent to the previously imposed federal term. On April 11, 2007, Mr. Holyfield was turned over by Pennsylvania authorities to the custody of the United States Marshals Service for commencement of his federal sentence.

Mr. Holyfield now requests credit toward his federal sentence

for the time spent in state custody. Title 18 U.S.C. § 3585(b), prohibits the application of this credit. However, as a result of the decision in <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons (Bureau) considers an inmate's request for credit in such a case as a request for a retroactive (concurrent) designation.

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy and the intent of the Sentencing Court. A retroactive designation is made only after the review of all relevant factors under Title 18 U.S.C. § 3621(b).

It is the preference of the Bureau that the federal Sentencing Court be given an opportunity to state its position with respect to a retroactive designation, which, while not binding, can be helpful in our determination to grant or deny the request. Should the designation be granted, the Bureau will commence Mr. Holyfield's sentence upon its imposition, which will result in his release from custody on or about November 19, 2017. Should the Bureau deny the request, Mr. Holyfield will continue to his current projected release date of February 19, 2019. If the Bureau makes a decision, based on a review of all relevant 3621(b) factors, which is contrary to the Court's stated position, the Court will be notified accordingly.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Frankland Clarke, Operations Manager, at (972)352-4420.

                              Sincerely,

                              for: *[signature]*

                              Delbert G. Sauers
                              Chief

klc
cc: Soo Song, AUSA
    Jennifer Beard, USPO

*[Handwritten note:]* I recommend a retroactive designation in this case & he be given credit for time served in state custody
*[signature]*
5/29/09