IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR No. 4-35 |
| V. | ) | CV No. 9-1291 |
| | ) | |

CENDANO HOLYFIELD

**OPINION AND ORDER**

**SYNOPSIS**

In this criminal action, Defendant pleaded guilty to several Counts of an indictment against him, including Count I, possession of a firearm by a convicted felon, 18 U.S.C. § 9229g)(1).  He was sentenced on February 21, 2006, by Judge Hardiman.   The Court of Appeals affirmed the judgment of this Court on March 26, 2008, and the Supreme Court later denied certiorari.

Before the Court is Defendant's Motion to Vacate under 28 U.S.C. § 2255. For the following reasons, the Motion will be denied.

**I. APPLICABLE STANDARDS**

**A. Section 2255**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962).

A district court need not hold an evidentiary hearing on a Section 2255

motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, No. 02-2604, 2004 U.S. App. LEXIS 5692, at *4 (3d Cir. Mar. 26, 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

**B. Ineffective Assistance of Counsel**

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687.   Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.[1]

## II. DEFENDANT'S MOTION

In this case, Defendant argues that counsel was ineffective for failing to argue that the Court was not required to sentence him to the maximum sentence on Count I, in which he was charged with possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g)(1), and that the Court believed that it was required to sentence him in that manner.  Defendant further suggests that appellate counsel was ineffective for failing to raise this issue on appeal.  He does not challenge the reasonableness of the sentence itself, but only that the Court allegedly misunderstood its sentencing options.

The factual predicate underlying Defendant's Motion, however, is not supported by the record.  The Court did not, at any time during the sentencing proceeding, state that it was required to sentence Defendant to ten years for

---

[1]The Strickland standard for effective assistance of counsel also applies to appellate counsel. Phillips v. Moore, 2005 U.S. Dist. LEXIS 24158 (D.N.J. 2005).

Count I.   In support of his argument, Defendant points to the Court's statement regarding a mandatory combined minimum of fifteen years.  Regardless of the sentence imposed for Count I, however, Counts II and III combined required a fifteen-year sentence.[2]  The Court confirmed that it had not misstated or misunderstood the sentencing requirements, when it accurately stated that as to Count I, "there is a sentence of not more than ten years under the statute."

The sentencing transcript further reflects that, contrary to suggesting that it was required to sentence Defendant to ten years on Count I, the Court recited its broad discretion to sentence based on the circumstances of each case within the statutory range.  Based on the record, had counsel reminded the Court that it had discretion to sentence below ten years, there would have been no change in the outcome.  The record also reflects that counsel raised several arguments on Defendant's behalf in favor of a lower sentence.  Under these circumstances, neither sentencing nor appellate counsel can be deemed ineffective for failing to address this issue.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right."   For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

---

[2]Count II, possession of fifty grams or more of crack cocaine with intent to distribute, carried a ten-year minimum, and Count III, carrying a firearm during and in relation to a drug trafficking crime, carried a five-year minimum.  The Court sentenced Defendant to ten years each, to be served concurrently, under Counts I and II.  As Defendant asserts, he does not take issue with the sentences imposed under Counts II and III.

**CONCLUSION**

In sum, I will deny Defendant's Motion, because he has not demonstrated a fundamental defect or omission of the type contemplated by Section 2255. Moreover, a certificate of appealability will not issue.  An appropriate Order follows.

**ORDER**

AND NOW, this 12th day of November, 2009, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion (Docket No. 62) is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, U.S. District Court